# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICIA MCENTEE, CHRISTINE GEARIN, JULIA CARLSON, MICHELLE PROVITOLA, JULIE DIGIROLAMO, DOROTHY CLARKE, JEANNE ARSENAULT, STACEY BARNES, MARCO BUZZANGA, DONNA CIULLA, JENNIFER JASILEWICZ, LAUREN MELLO, ERIKA CARDINALE, JENNIFER CORDY, LAUREN HETRICK, MARIAM MOMJIAN, PATRICIA MURPHY, RACHAEL SOUCIA, FELICIA DELA CRUZ, ANGELA CHANDLER, <br><br> Plaintiffs, <br><br> v. <br><br> BETH ISRAEL LAHEY HEALTH, INC., BETH ISRAEL DEACONESS HOSPITAL – PLYMOUTH, INC., NORTHEAST HOSPITAL CORPORATION, BETH ISRAEL DEACONESS MEDICAL CENTER, INC., WINCHESTER HOSPITAL, BETH ISRAEL LAHEY HEALTH PRIMARY CARE, INC.,[1] MOUNT AUBURN HOSPITAL, and NORTHEAST PROFESSIONAL REGISTRY OF NURSES, INC., <br><br> Defendants. | C.A. No. 1:22-cv-11952 |

---

[1] Plaintiffs have included "Beth Israel Lahey Health Primary Care – Maple Street" as a named defendant and included allegations in the Complaint against "Beth Israel Lahey Health Primary Care – Pond Street." No such entities exist. Because Plaintiffs have included Beth Israel Lahey Health Primary Care, Inc. ("BILHPC") in the "Parties" section of the Complaint, and because BILHPC operates locations at both Maple Street and Pond Street, where certain named Plaintiffs were employed, Defendants have included BILHPC in the caption for clarity.

## ANSWER TO FIRST AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Beth Israel Lahey Health, Inc. ("BILH"), Beth Israel Deaconess Hospital – Plymouth, Inc. ("BID-Plymouth"), Northeast Hospital Corporation ("NHC"), Beth Israel Deaconess Medical Center, Inc. ("BIDMC"), Winchester Hospital ("Winchester"), Beth Israel Lahey Health Primary Care, Inc. ("BILHPC"), Mount Auburn Hospital ("Mount Auburn"), and Northeast Professional Registry of Nurses, Inc. ("NPRN") (collectively, "Defendants") hereby answer the First Amended Complaint of Plaintiffs Patricia McEntee ("McEntee"), Christine Gearin ("Gearin"), Julia Carlson ("Carlson"), Michelle Provitola ("Provitola"), Julie DiGirolamo ("DiGirolamo"), Dorothy Clarke ("Clarke"), Jeanne Arsenault ("Arsenault"), Stacey Barnes ("Barnes"), Marco Buzzanga ("Buzzanga"), Donna Ciulla ("Ciulla"), Jennifer Jasilewicz ("Jasilewicz"), Lauren Mello ("Mello"), Erika Cardinale ("Cardinale"), Jennifer Cordy ("Cordy"), Lauren Hetrick ("Hetrick"), Mariam Momjian ("Momjian"), Patricia Murphy ("Murphy"), Rachael Soucia ("Soucia"), Felicia Dela Cruz ("Dela Cruz"), Angela Chandler ("Chandler"), Mary Dickens ("Dickens"), Desiree Letellier ("Letellier"), Mary O'Connor ("O'Connor"), Brooke Gromyko ("Gromyko"), Mirlene Lucas ("Lucas"), and Amy Durette ("Durette") (collectively, "Plaintiffs").

## I.   PARTIES

1.      Defendants admit only that McEntee worked as an Emergency Department nurse at BID-Plymouth in Plymouth, Massachusetts.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 1 and therefore deny them.

2.      Defendants admit that Gearin worked as a Registered Nurse at NHC, and that her work included providing direct care to patients in the Critical Care Unit.  Defendants are without

knowledge or information as to the truth of the remaining allegations in paragraph 2 and therefore deny them.

3.      Defendants admit that Carlson worked as a Registered Nurse Per Diem at NHC. Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 3 and therefore deny them.

4.      Defendants admit that Provitola worked as a Registered Nurse at BID-Plymouth, located in Plymouth, Massachusetts.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 4 and therefore deny them.

5.      Defendants admit that DiGirolamo worked as a Cardiac Echo Technologist at BID-Plymouth, located in Plymouth, Massachusetts.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 5 and therefore deny them.

6.      Defendants admit that Clarke worked as a Clinical Nurse II at BIDMC. Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 6 and therefore deny them.

7.      Defendants admit that Arsenault worked as a Clinical Nurse II at BIDMC, located in Boston, Massachusetts.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 7 and therefore deny them.

8.      Defendants admit that Barnes worked as a Registered Nurse at BID-Plymouth, located in Plymouth, Massachusetts.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 8 and therefore deny them.

9.      Defendants admit that Buzzanga worked as a Clinical Associate at Winchester Hospital, located in Winchester, Massachusetts.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 9 and therefore deny them.

10.     Defendants admit that Ciulla worked as a Pharmacist for NHC.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 10 and therefore deny them.

11.     Defendants admit that Jasilewicz worked as a Registered Nurse for NHC. Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 11 and therefore deny them.

12.     Defendants admit that Mello worked as a Certified Wound Nurse at BID-Plymouth.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 12 and therefore deny them.

13.     Defendants admit that Cardinale worked for NHC as an Occupational Therapist at NHC's Outpatient Center in Danvers, Massachusetts.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 13 and therefore deny them.

14.     Defendants admit that Cordy worked as a Coordinator Patient Services at NHC. Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 14 and therefore deny them.

15.     Defendants admit that Hetrick worked as a Unit Coordinator at BIDMC, located in Boston, Massachusetts.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 15 and therefore deny them.

16.     Defendants admit that Momjian worked as an Office Coordinator at Mount Auburn.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 16 and therefore deny them.

17.     Defendants admit that Murphy worked as a Medical Assistant at BILHPC. Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 17 and therefore deny them.

18.     Denied.

19.     Defendants admit that Dela Cruz worked at Mount Auburn as a Registered Nurse. Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 19 and therefore deny them.

20.     Defendants admit that Chandler worked as a Physical Therapist at NPRN. Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 20 and therefore deny them.

21.     Defendants admit that Dickens worked as a Team Nurse at BILHPC.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 21 and therefore deny them.

22.     Defendants admit that Letellier worked for Winchester in 2010, and that she worked for NHC as a Registered Nurse at the time of her voluntary resignation.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 22 and therefore deny them.

23.     Defendants admit that O'Connor worked as an OR Service Line Specialist at Winchester Hospital, located in Winchester, Massachusetts.  Defendants admit that O'Connor worked for Winchester Hospital for over 44 years.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 23 and therefore deny them.

24.     Defendants deny that Gromyko worked for BILH or that she was wrongfully terminated.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 24 and therefore deny them.

25.     Defendants admit that Lucas began work at an affiliate of BILH in 1999. Defendants deny that Lucas was wrongfully terminated.  Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 25 and therefore deny them.

26.     Defendants admit that Durette worked at BID-Plymouth.  Defendants deny that Durette was wrongfully terminated.  Defendants are without knowledge or information as to the remaining allegations in paragraph 26 and therefore deny them.

27.     Paragraph 27 defines the term "Plaintiffs" for purposes of the Amended Complaint and therefore requires no response.

28.     Defendants admit that BILH is a Massachusetts nonprofit organization with a principal office at 20 University Road, Suite 700, Cambridge, Massachusetts 02138.  Answering further, the unsourced quotes in paragraph 28 appear to be taken from a recorded statement or written document that would speak for themselves.  Defendants deny any allegations in paragraph 28 that characterize any written or recorded statements.  The remaining allegations in paragraph 28 are legal conclusions to which no response is required.

29.     Defendants are without knowledge or information as to the truth of the allegations in paragraph 29 and therefore deny them.

30.     Defendants admit that BID-Plymouth is a Massachusetts hospital with a principal office at 275 Sandwich Street, Plymouth, Massachusetts 02360.  Defendants deny the remaining allegations in paragraph 30 to the extent they characterize a recorded statement or written document that would speak for themselves.

31.     Defendants admit that NHC is a Massachusetts hospital with a principal office at 85 Herrick Street, Beverly, Massachusetts 01915.  Answering further, the unsourced quotes in paragraph 31 appear to be taken from a recorded statement or written document that would speak for themselves.  Defendants deny any allegations in paragraph 31 that characterize any written or recorded statements.  The remaining allegations in paragraph 31 are legal conclusions to which no response is required.

32.     Defendants admit that BIDMC is a Massachusetts nonprofit corporation with a principal office at 330 Brookline Avenue, Boston, Massachusetts 02105.  Defendants deny the remaining allegations in paragraph 32 to the extent they characterize a recorded statement or written document that would speak for themselves.

33.     Defendants admit that Winchester is a Massachusetts hospital with a principal office at 41 Highland Avenue, Winchester, Massachusetts 01890.  Answering further, the unsourced quotes in paragraph 33 appear to be taken from a recorded statement or written document that would speak for themselves.  Defendants deny any allegations in paragraph 33 that characterize any written or recorded statements.  The remaining allegations in paragraph 33 are legal conclusions to which no response is required.

34.     Defendants admit that BILHPC is a Massachusetts nonprofit corporation with a principal office at 41 Mall Road, Burlington, Massachusetts 01805.  Answering further, Defendants admit that BILH is the sole corporate member of BILHPC.  The remaining allegations in paragraph 34 are denied.

35.     Defendants admit that Mount Auburn is a Massachusetts hospital with a principal office at 330 Mount Auburn Street, Cambridge, Massachusetts 02138.  Answering further, the unsourced quotes in paragraph 35 appear to be taken from a recorded statement or written

document that would speak for themselves. Defendants deny any allegations in paragraph 35 that characterize any written or recorded statements. The remaining allegations in paragraph 35 are legal conclusions to which no response is required.

36. Defendants admit that NPRN is a Massachusetts nonprofit corporation with a principal office at 600 Cummings Center, Suite 270X, Beverly, Massachusetts 01915. Answering further, the unsourced quotes in paragraph 36 appear to be taken from a recorded statement or written document that would speak for themselves. Defendants deny any allegations in paragraph 36 that characterize any written or recorded statements. The remaining allegations in paragraph 36 are legal conclusions to which no response is required.

37. Defendants admit that BILH is the sole corporate member of BID-Plymouth, BIDMC, Winchester, Mount Auburn, BILHPC, and NHC. Answering further, Defendants admit that BILH and Defendants developed and implemented the COVID-19 vaccine policy relating to this matter, which speaks for itself in its entirety, and that the Defendants adopted said policy. The remaining allegations in paragraph 37 are denied.

38. Paragraph 38 defines the terms "Defendant" and "Defendants" for purposes of the Amended Complaint and therefore requires no response.

## II. <u>JURISDICTION</u>

39. Paragraph 39 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants do not dispute that this court has jurisdiction over this action.

## <u>UNITED STATES EQUAL OPPORTUNITY COMMISSION ("EEOC") CHARGE</u>

40. Defendants are without knowledge or information as to the truth of the allegations in paragraph 40 and therefore deny them.

### III. <u>FACTS</u>

41.     Paragraph 41 sets forth legal conclusions to which no response is required.  To the extent a response is required, denied.

42.     Paragraph 42 appears to characterize written statements (e.g., "issued a number of policies… with the stated goal") that would speak for themselves.  Defendants therefore deny the allegations in paragraph 42.

43.     Defendants admit that during the outbreak of COVID-19, they were especially affected as their operations were deluged with patients suffering from COVID-19.  The remaining allegations in paragraph 43 are denied.

44.     Defendants admit that during the COVID-19 pandemic, they required employees to wear masks and other personal protection items to aid in minimizing the spread of COVID-19. The remaining allegations in paragraph 44 are denied.

45.     Denied.

46.     Defendants are without knowledge or information as to the truth of the allegations in paragraph 46 and therefore deny them.

47.     Defendants admit that on August 10, 2021, they announced that all members of their workforce would be required to be fully vaccinated against COVID-19 on or before October 31, 2021 (the "Policy").  The remaining allegations in paragraph 47 are denied.

48.     Denied.  Answering further, consistent with federal and Massachusetts law, individuals that timely filed for and were granted accommodations from the Policy would not be placed on administrative leave.

49.     Denied as written.  Answering further, Defendants admit that pursuant to their Policy, any employee that did not receive an accommodation and did not comply with the Policy would be placed on a 14-day administrative leave, and any employee that subsequently did not

comply with the Policy by the end of the 14-day administrative leave would be considered to have voluntarily resigned.

50.    Admitted.

51.    Admitted.

52.    Denied.

53.    Defendants admit that before August 10, 2021, a lab at BIDMC worked with Johnson & Johnson to aid in the development of a single-shot COVID-19 vaccine, which included evaluations of effectiveness.  Defendants deny that the Johnson & Johnson vaccine was "mandated upon the Plaintiffs."  The remaining allegations in paragraph 53 are denied.

54.    Denied.

55.    Denied.

56.    Defendants admit that McEntee worked as a Registered Nurse at BID-Plymouth from June 28, 2021, to November 29, 2021.

57.    Defendants admit that on September 10, 2021, McEntee submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine.  Defendants further admit that on October 28, 2021, McEntee received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned. Defendants further admit that McEntee did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on November 12, 2021, in accordance with BID-Plymouth's process and the notification she received.  Defendants admit McEntee did not show valid documentation of having received a COVID-19 vaccine as of November 26, 2021, and, as such, was deemed to

10

have voluntarily resigned in accordance with BID-Plymouth's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 57.

58.     Denied.

59.     Defendants admit that Gearin began work as a Registered Nurse at NHC in 2008, and that her work included providing direct care to patients in the Critical Care Unit.

60.     Defendants admit that on or about September 24, 2021, Gearin submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on October 27, 2021, Gearin received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Gearin did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on November 12, 2021, in accordance with NHC's process and the notification she received.  Defendants admit Gearin did not show valid documentation of having received a COVID-19 vaccine as of November 26, 2021, and, as such, was deemed to have voluntarily resigned in accordance with NHC's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 60.

61.     Defendants admit that Carlson worked as a Registered Nurse Per Diem at NHC for over seven years.

62.     Defendants admit that on or about September 27, 2021, Carlson submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on December 1, 2021, Carlson received notification that her religious exemption request had been denied, which set forth the timeline for her to be

vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Carlson did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning in accordance with NHC's process and the notification she received.  Defendants admit Carlson did not show valid documentation of having received a COVID-19 vaccine as of December 28, 2021, and, as such, was deemed to have voluntarily resigned in accordance with NHC's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 62.

63.     Denied.

64.     Defendants admit that Provitola worked as a Registered Nurse at BID-Plymouth for over three years.

65.     Defendants admit that on or about September 1, 2021, Provitola submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on December 14, 2021, Provitola received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Provitola did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on December 29, 2021, in accordance with BID-Plymouth's process and the notification she received.  Defendants admit Provitola did not show valid documentation of having received a COVID-19 vaccine as of January 12, 2022, and, as such, was deemed to have voluntarily resigned in accordance with BID-Plymouth's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 65.

12

66.     Defendants admit that DiGirolamo worked as a Cardiac Echo Technologist at BID-Plymouth for over ten years.

67.     Defendants admit that on or about September 28, 2021, DiGirolamo submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on December 1, 2021, DiGirolamo received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that DiGirolamo did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on December 17, 2021, in accordance with BID-Plymouth's process and the notification she received.  Defendants admit DiGirolamo did not show valid documentation of having received a COVID-19 vaccine as of January 3, 2022, and, as such, was deemed to have voluntarily resigned in accordance with BID-Plymouth's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 67.

68.     Denied.

69.     Defendants admit that Clarke was a Clinical Nurse II at BIDMC, and that she worked for BIDMC at various times for over 26 years.

70.     Defendants admit that on or about October 1, 2021, Clarke submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine.  Defendants further admit that on January 3, 2022, Clarke received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants

further admit that Clarke did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on January 17, 2022, in accordance with BIDMC's process and the notification she received. Defendants admit Clarke did not show valid documentation of having received a COVID-19 vaccine as of January 27, 2022, and, as such, was deemed to have voluntarily resigned in accordance with BIDMC's process and the notification that she received. Defendants deny all remaining allegations in paragraph 70.

71.     Defendants admit that Arsenault worked as a Clinical Nurse II at BIDMC from January 29, 2018, to December 28, 2021.

72.     Defendants admit that on or about October 1, 2021, Arsenault submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on November 30, 2021, Arsenault received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned. Defendants further admit that Arsenault did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave in accordance with BIDMC's process and the notification she received. Defendants admit Arsenault did not show valid documentation of having received a COVID-19 vaccine as of December 28, 2021, and, as such, was deemed to have voluntarily resigned in accordance with BIDMC's process and the notification that she received. Defendants deny all remaining allegations in paragraph 72.

14

73.     Defendants admit that Barnes worked as a Registered Nurse at BID-Plymouth from July 21, 2019, to January 3, 2022.  Defendants deny the remaining allegations in paragraph 73.

74.     Defendants admit that Barnes submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine.  Defendants further admit that on December 1, 2021, Barnes received notification that her religious exemption request had been denied, which set forth the timeline for her to obtain and show valid documentation of having received a COVID-19 vaccine or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Barnes did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on December 17, 2021, in accordance with BID-Plymouth's process and the notification she received.  Defendants admit Barnes did not show valid documentation of having received a COVID-19 vaccine as of January 3, 2022, and, as such, was deemed to have voluntarily resigned in accordance with BID-Plymouth's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 74.

75.     Defendants admit that Buzzanga worked as a Clinical Associate at Winchester Hospital for over eight months.

76.     Defendants admit that on or about September 29, 2021, Buzzanga submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on November 5, 2021, Buzzanga received notification that his religious exemption request had been denied, which set forth the timeline for him to be vaccinated or else he would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Buzzanga did not show valid documentation

15

of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave in accordance with Winchester Hospital's process and the notification he received. Defendants admit Buzzanga did not show valid documentation of having received a COVID-19 vaccine as of December 4, 2021, and, as such, was deemed to have voluntarily resigned in accordance with Winchester Hospital's process and the notification that he received. Defendants deny all remaining allegations in paragraph 76.

77.   Defendants admit that Ciulla was a Pharmacist who worked for NHC from April 1997 until November 2021.

78.   Defendants admit that on or about September 10, 2021, Ciulla submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on October 27, 2021, Ciulla received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned. Defendants further admit that Ciulla did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on November 11, 2021, in accordance with NHC's process and the notification she received. Defendants admit Ciulla did not show valid documentation of having received a COVID-19 vaccine as of November 26, 2021, and, as such, was deemed to have voluntarily resigned in accordance with NHC's process and the notification that she received. Defendants deny all remaining allegations in paragraph 78.

79.   Defendants admit that Jasilewicz was a Registered Nurse that worked for NHC, including in its Emergency Department, for over six years.

16

80.     Defendants admit that on or about September 9, 2021, Jasilewicz submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on October 27, 2021, Jasilewicz received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Jasilewicz did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on November 11, 2021, in accordance with NHC's process and the notification she received.  Defendants admit Jasilewicz did not show valid documentation of having received a COVID-19 vaccine within the allotted time frame, and, as such, was deemed to have voluntarily resigned as of November 26, 2021, in accordance with NHC's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 80.

81.     Admitted.

82.     Defendants admit that on or about September 30, 2021, Mello submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on December 1, 2021, Mello received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Mello did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on December 16, 2021, in accordance with BID-Plymouth's process and the notification she received.  Defendants admit Mello did not show valid documentation of having received a COVID-19 vaccine as of January 3, 2022, and, as such, was

deemed to have voluntarily resigned in accordance with BID-Plymouth's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 82.

83.     Denied.  Answering further, Defendants admit that Cardinale was an Occupational Therapist and worked for NHC for over five years.

84.     Defendants admit that on September 27, 2021, Cardinale submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine.  Defendants further admit that on December 15, 2021, Cardinale received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned. Defendants further admit that Cardinale did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on December 30, 2021, in accordance with NHC's process and the notification she received.  Defendants admit Cardinale did not show valid documentation of having received a COVID-19 vaccine as of January 11, 2022, and, as such, was deemed to have voluntarily resigned in accordance with NHC's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 84.

85.     Denied.

86.     Defendants admit that Cordy worked as a Coordinator Patient Services at NHC for over twelve months.

87.     Defendants admit that on or about September 22, 2021, Cordy submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on December 1, 2021, Cordy received notification that her religious exemption request had been denied, which set forth the timeline for her to be

vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Cordy did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave in accordance with NHC's process and the notification she received. Defendants admit Cordy did not show valid documentation of having received a COVID-19 vaccine within the allotted time frame, and, as such, was deemed to have voluntarily resigned in accordance with NHC's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 87.

88.     Denied.

89.     Defendants admit that Hetrick worked as a Unit Coordinator at BIDMC from October 29, 2018 to November 28, 2021.  The remaining allegations in paragraph 89 are denied.

90.     Defendants admit that on or about September 24, 2021, Hetrick submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on October 27, 2021, Hetrick received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Hetrick did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave in accordance with BIDMC's process and the notification she received. Defendants admit Hetrick did not show valid documentation of having received a COVID-19 within the allotted time frame, and, as such, was deemed to have voluntarily resigned in accordance with BIDMC's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 90.

91.     Defendants admit that Momjian worked as an Office Coordinator at Mount Auburn for over fourteen years.

92.     Defendants admit that on or about September 29, 2021, Momjian submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on November 30, 2021, Momjian received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Momjian did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave in accordance with BILH's process and the notification she received. Defendants admit Momjian did not show valid documentation of having received a COVID-19 vaccine and, as such, was deemed to have voluntarily resigned in accordance with BILH's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 92.

93.     Defendants admit that Murphy worked as a Medical Assistant at BILHPC. Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 93 and therefore deny them.

94.     Defendants admit that Murphy submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine.  Defendants further admit that on November 8, 2021, Murphy received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Murphy did not show valid documentation of having received a COVID-19 vaccine in the

allotted time frame and, as such, was placed on administrative leave in accordance with BILHPC's process and the notification she received.  Defendants admit Murphy did not show valid documentation of having received a COVID-19 vaccine as of December 2, 2021, and, as such, was deemed to have voluntarily resigned in accordance with BILHPC's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 94.

95.     Denied.

96.     Defendants admit that Soucia submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine.  Defendants further admit that on December 10, 2021, Soucia received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Soucia did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on December 27, 2021, in accordance with Soucia's employer's process and the notification she received. Defendants admit Soucia did not show valid documentation of having received a COVID-19 vaccine as of January 7, 2022, and, as such, was deemed to have voluntarily resigned in accordance with Soucia's employer's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 96.

97.     Defendants admit that Dela Cruz began work at Mount Auburn as a Registered Nurse in 2004.  Defendants deny the remaining allegations in paragraph 97.

98.     Defendants admit that on or about September 29, 2021, Dela Cruz submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on November 12, 2021, Dela Cruz received notification that her

religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Dela Cruz did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on November 26, 2021, in accordance with Mount Auburn's process and the notification she received.  Defendants admit Dela Cruz made clear to Mount Auburn that she would not receive the vaccine, and, as such, Mount Auburn processed her voluntary resignation effective December 10, 2021.  Defendants deny all remaining allegations in paragraph 98.

99.     Denied.

100.    Defendants admit that Chandler began work as a Physical Therapist at NPRN in 2019.

101.    Defendants admit that on September 2, 2021, Chandler submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine.  Defendants further admit that on November 5, 2021, Chandler received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned. Defendants further admit that Chandler did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on November 20, 2021, in accordance with NPRN's process and the notification she received.  Defendants admit Chandler did not show valid documentation of having received a COVID-19 vaccine as of December 4, 2021, and, as such, was deemed to have voluntarily

resigned in accordance with NPRN's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 101.

102.     Defendants admit that Dickens began work as a Team Nurse in 2020 at the primary care practice of BILHPC.

103.     Defendants admit that on September 7, 2021, Dickens submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine.  Defendants further admit that on October 28, 2021, Dickens received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned. Defendants further admit that Dickens did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on November 11, 2021, in accordance with BILHPC's process and the notification she received.  Defendants admit Dickens did not show valid documentation of having received a COVID-19 vaccine within the allotted time frame, and, as such, was deemed to have voluntarily resigned effective November 25, 2021, in accordance with BILHPC's process and the notification that she received.  Defendants deny all remaining allegations in paragraph 103.

104.     Defendants admit that Letellier began work for Winchester on or about July 12, 2010, and that she worked for NHC as a Registered Nurse at the time of her voluntary resignation.  Defendants deny all remaining allegations in paragraph 104.

105.     Defendants admit that on or about September 27, 2021, Letellier submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on December 9, 2021, Letellier received notification that her religious exemption request had been denied, which set forth the timeline for her to be

vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Letellier did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on December 24, 2021, in accordance with NHC's process and the notification she received.  Defendants admit Letellier did not show valid documentation of having received a COVID-19 vaccine as of January 7, 2022, and, as such, was deemed to have voluntarily resigned in accordance with NHC's process and the notification that she received. Defendants deny all remaining allegations in paragraph 105.

106.     Defendants admit that O'Connor worked as an OR Service Line Specialist at Winchester Hospital for over 44 years.  Defendants deny all remaining allegations in paragraph 106.

107.     Defendants admit that on or about September 30, 2021, O'Connor submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on November 30, 2021, O'Connor received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that O'Connor did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave in accordance with Winchester Hospital's process and the notification she received.  Defendants admit O'Connor did not show valid documentation of having received a COVID-19 vaccine as of December 2, 2021, and, as such, was deemed to have voluntarily resigned in accordance with Winchester Hospital's process and the notification that she received. Defendants deny all remaining allegations in paragraph 107.

24

108.    Denied.

109.    Defendants admit that on or about October 18, 2021, Gromyko submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on March 11, 2022, Gromyko received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Gromyko did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on March 26, 2022, in accordance with Lahey Clinic Hospital, Inc.'s process and the notification she received.  Defendants admit Gromyko did not show valid documentation of having received a COVID-19 vaccine as of April 11, 2022, and, as such, was deemed to have voluntarily resigned in accordance with Lahey Clinic Hospital, Inc.'s process and the notification that she received.  Defendants deny all remaining allegations in paragraph 109.

110.    Defendants admit that Lucas began work at an affiliate of BILH in 1999. Defendants are without knowledge or information as to the truth of the remaining allegations in paragraph 110 and therefore deny them.

111.    Defendants admit that on September 11, 2021, Lucas submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine.  Defendants further admit that on March 28, 2022, Lucas received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned.  Defendants further admit that Lucas did not show valid documentation of having received a COVID-19

vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on April 12, 2022, in accordance with NHC's process and the notification she received. Defendants admit Lucas did not show valid documentation of having received a COVID-19 vaccine as of April 26, 2022, and, as such, was deemed to have voluntarily resigned in accordance with NHC's process and the notification that she received. Defendants deny all remaining allegations in paragraph 111.

112. Defendants admit that Durette worked as a Radiologic Technologist for BID-Plymouth. Defendants deny that Durette was wrongfully terminated.

113. Defendants admit that on or about September 17, 2021, Durette submitted a Request for Religious Accommodation seeking to be exempted from the COVID-19 vaccine. Defendants further admit that on January 5, 2022, Durette received notification that her religious exemption request had been denied, which set forth the timeline for her to be vaccinated or else she would be placed on administrative leave and then deemed to have voluntarily resigned. Defendants further admit that Durette did not show valid documentation of having received a COVID-19 vaccine in the allotted time frame and, as such, was placed on administrative leave beginning on January 20, 2022, in accordance with BID-Plymouth's process and the notification she received. Defendants admit Durette did not show valid documentation of having received a COVID-19 vaccine as of February 3, 2022, and, as such, was deemed to have voluntarily resigned in accordance with BID-Plymouth's process and the notification that she received. Defendants deny all remaining allegations in paragraph 113.

114. Denied.

115. Denied.

116. Denied.

117.    Defendants are without knowledge or information as to the truth of the allegations in paragraph 117 and therefore deny them.

118.    Denied.

119.    Defendants are without knowledge or information as to the truth of the allegations in paragraph 119 and therefore deny them.

120.    Defendants are without knowledge or information as to the truth of the allegations in paragraph 120 and therefore deny them.

121.    Denied.

122.    Defendants admit only that masking and testing were useful tools in combatting the spread of COVID-19, albeit ones that were less effective than vaccination.  Defendants deny the remaining allegations in paragraph 122.

123.    Defendants admit only that masking and testing were useful tools in combatting the spread of COVID-19, albeit ones that were less effective than vaccination.  Defendants are without knowledge or information as to the truth of the allegation regarding what "cause[]" Plaintiffs to continue working" and therefore deny them.  Defendants deny the remaining allegations in paragraph 123.

124.    Denied.

125.    Denied.

## CLAIMS FOR RELIEF

### COUNT I
### ASSAULT

126.    Count I was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

127.     Count I was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

## COUNT II
## VIOLATION OF PLAINTIFFS' EQUAL PROTECTION AND TREATMENT RIGHTS

128.     Count II was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

129.     Count II was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

130.     Count II was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

131.     Count II was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

132.     Count II was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

## COUNT III
## VIOLATION OF PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS

133.     Count III was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

134.     Count III was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

135.     Count III was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

136.     Count III was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

137.    Count III was dismissed by order of the Court on August 1, 2023, so no response to this paragraph is necessary.

**COUNT IV**
**VIOLATION OF M.G.L. CHAPTER 151 AND VIOLATION OF TITLE VII**

138.    Defendants restate and incorporate by reference their responses to Paragraphs 1 through 137 of the Complaint as if fully set forth herein.

139.    The allegation that Plaintiffs engaged in protected activity states a conclusion of law to which no response is required.  Defendants deny all remaining allegations in paragraph 139.

140.    Denied.

141.    Denied.

**FIRST AFFIRMATIVE DEFENSE**

Any allegation not specifically admitted above is expressly denied.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint fails for failure to exhaust administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint fails because Defendants actions were justified.

**FIFTH AFFIRMATIVE DEFENSE**

If Defendants were to establish liability and damages, which are denied, Plaintiffs have failed to mitigate their damages.

WHEREFORE, Defendants ask that this Court:

A.    Dismiss Plaintiffs' claims with prejudice; and

B.      Award such relief as the Court deems just and proper.

## **JURY DEMAND**

Defendants demand a jury trial on all issues so triable.

Respectfully submitted,

BETH ISRAEL LAHEY HEALTH, INC.,
BETH ISRAEL DEACONESS HOSPITAL-
PLYMOUTH, INC., NORTHEAST
HOSPITAL CORPORATION, BETH
ISRAEL DEACONESS MEDICAL
CENTER, INC., WINCHESTER
HOSPITAL, BETH ISRAEL LAHEY
HEALTH PRIMARY CARE, INC.,
MOUNT AUBURN HOSPITAL, and
NORTHEAST PROFESSIONAL
REGISTRY OF NURSES, INC.

By their attorneys,


/s/Scott A. Roberts
Scott A. Roberts (BBO# 550732)
        *sroberts@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA  02110
Phone: (617) 348-4300
Fax: (617) 348-4343


Dated: August 31, 2023



## **CERTIFICATE OF SERVICE**

I, Scott A. Roberts, certify that this document, filed through the Electronic Case Filing
(ECF) system, will be sent electronically to the registered participants as identified on the Notice
of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered
participants on August 31, 2023.


/s/ Scott A. Roberts
Scott A. Roberts